IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40455-TLS |
| | ) | |
| DANIEL KEITH KIRBY and | ) | CH. 13 |
| CAROL ANN KIRBY, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

      Hearing was held in Lincoln, Nebraska, on February 8, 2012, on a motion to modify Debtors' plan filed by the Chapter 13 trustee (Fil. #72) and an objection filed by Debtor Carol Kirby (Fil. #74). Douglas D. DeLair appeared for Mrs. Kirby, and Marilyn Abbott appeared on behalf of the Chapter 13 trustee. Evidence was received and the matter was taken under advisement. Counsel for the parties submitted post-hearing briefs and this matter is now ripe for decision.

      This case was filed on February 23, 2010, under Chapter 7 of the Bankruptcy Code, and was later converted to a Chapter 13 case on July 22, 2010. The Chapter 13 plan proposed by Debtors was confirmed without objection on September 23, 2010 (Fil. #41). Thereafter, on January 28, 2011, Debtors amended Schedules B and C (Fil. #54), and for the first time listed a personal injury claim for an "Unknown" amount. Debtors exempted the personal injury claim under Neb. Rev. Stat. § 25-1552.02.

      On September 16, 2011, Debtors further amended their schedules (Fil. #56) to disclose an expected settlement of the personal injury claim in the amount of $495,785.15. On November 10, 2011, Debtors filed a motion to approve settlement (Fil. #59), which also requested authority to disburse the settlement proceeds directly to Debtors. The motion indicated that Mrs. Kirby suffered heart damage due to the use of a diet drug in 1996 and 1997 and underwent aortic valve replacement surgery in October 2010.

      The trustee objected to approval of the settlement due to the request for distribution of all of the proceeds to Debtors. The trustee asserted that less than $45,000.00 in additional funds was necessary to pay in full all remaining allowed unsecured claims in Debtors' Chapter 13 case. At the hearing on the motion to approve, the parties agreed that $45,000.00 of the settlement proceeds would be held in escrow by Debtors' counsel pending further order of this court.

      On December 28, 2011, the trustee filed her motion to modify Debtors' plan to require payment in full of all allowed claims. The trustee's position is that the injury resulting in the personal injury settlement occurred pre-petition and, therefore, the settlement proceeds are an asset of the bankruptcy estate, and that the remaining $45,000.00 of the settlement funds constitutes disposable income which should be made available to creditors. The trustee further asserted that "good faith" requires that the plan be modified to pay in full all allowed claims. Mrs. Kirby objected to the trustee's motion to modify, asserting that she will need follow-up medical care and monitoring for the rest of her life and will need all of the settlement proceeds for her anticipated medical and

living expenses. Mrs. Kirby further argues that the trustee did not object to the claim of exemption in the personal injury proceeds and, therefore, the funds are exempt.

The parties agree that the personal injury settlement proceeds are property of the bankruptcy estate and that Debtors properly claimed an exemption in such proceeds. However, the parties disagree on whether the exempt funds can be treated as disposable income that is required to be paid to creditors in Chapter 13.

In his brief, counsel for Mrs. Kirby states "[i]n Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) the court stated that once property is exempted, it cannot be used as disposable income." However, the reality is that *Taylor* says nothing of the sort. *Taylor* was a Chapter 7 case and did not even involve the issue of disposable income. Quite simply, *Taylor* stands for the proposition that the trustee may not contest the validity of an exemption after the 30-day objection period even if the debtor had no colorable basis for claiming the exemption. *Id.* at 643-44.

The issue facing this court involves the circumstances under which the Chapter 13 trustee may move to modify a confirmed plan. The Bankruptcy Appellate Panel for the Eighth Circuit recently had the opportunity to address plan modifications:

> Section 1327(a) of the Bankruptcy Code states that the provisions of a confirmed plan bind the debtor and each creditor. But, § 1329(a) provides that at any time after confirmation but before completion of payments, the plan may be modified upon the request of the debtor, the trustee, or the holder of an unsecured claim to increase or reduce payments. Notwithstanding the broad language of the Code, the right to modify a plan under § 1329 has been interpreted by most courts as being limited to situations where there has been a substantial change in circumstances. *See, e.g., Murphy v. O'Donnell (In re Murphy),* 474 F.3d 143, 149 (4th Cir. 2007) (holding that a party seeking plan modification must demonstrate a substantial and unanticipated post-confirmation change in financial condition); *Educ. Assistance Corp. v. Zellner,* 827 F.2d 1222, 1226 (8th Cir. 1987) (stating in dicta that a Chapter 13 plan may be modified if ''a substantial change in [the debtor's] ability to pay'' can be shown); *In re Mattson,* 456 B.R. 75, 82 (Bankr. W.D. Wash. 2011) (holding that a modification under § 1329 requires a movant to ''show that there has been a substantial change in the debtor's circumstances since the time of confirmation which was unanticipated or otherwise could not be taken into account at the time of the confirmation hearing, and that the change in the plan correlate[s] to the change in circumstances''); *In re Hutchison,* 449 B.R. 403, 406 (Bankr. W.D. Mo. 2011) (agreeing with other courts that have required debtors to ''demonstrate a substantial unanticipated change in circumstances in order to seek modification of the plan.''); *In re Savage,* 426 B.R. 320, 324 (Bankr. D. Minn. 2010) (''Any modification that would reduce a debtor's payment obligations and creditors' distribution rights must be supported by a material, adverse change in the debtor's financial circumstances, that took place after the confirmation of the original plan.'').

*Johnson v. Fink (In re Johnson)*, 458 B.R. 745, 748 (B.A.P. 8th Cir. 2011).

Clearly, a substantial change in Debtors' financial situation has been shown. Mrs. Kirby has recovered more than $450,000.00 on a pre-petition claim. The only question is whether the exempt nature of the funds entitles Debtors to avoid using the funds to repay unsecured creditors.

The Eighth Circuit Court of Appeals follows the "majority view" that exempt property can be disposable income in a Chapter 13 case. *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289-90 (8th Cir. 1997) (stating that Chapter 13 contains no language suggesting that exempt post-petition revenues are not Chapter 13 "income" and § 1325(b)(2) expressly defines "disposable income" to mean income not needed for debtor's support).

Debtors did make a half-hearted effort to show that the remaining $45,000.00 from the settlement funds is necessary for Mrs. Kirby's support by submitting evidence that she is taking medications and would be subject to a doctor's care for the rest of her life. However, no evidence was presented to show that the remaining $45,000.00, representing less than 10% of the net settlement proceeds, were earmarked for or specifically needed for future medical care and support. In fact, at the hearing on this motion, counsel for Mrs. Kirby acknowledged that Mrs. Kirby is gainfully employed by the State of Nebraska and has health insurance to cover her medical bills.

As a result, it seems clear that a material change in Debtors' financial situation has occurred as a result of the personal injury settlement. There is nothing in the record to indicate that the remaining $45,000.00 from the personal injury settlement will be needed for Mrs. Kirby's future medical care or support and, therefore, the exempt nature of the funds is irrelevant. The trustee has indicated that less than $45,000.00 in additional plan payments will be necessary to pay in full all allowed unsecured claims. Accordingly, the trustee has stated sufficient cause for modification of the plan.

IT IS, THEREFORE, ORDERED that the trustee's motion to modify the confirmed Chapter 13 plan (Fil. #72) is granted. Debtors are ordered to file a post-confirmation amended plan consistent with this Order by March 21, 2012.

DATED: March 6, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Douglas D. DeLair
    Marilyn Abbott/Kathleen Laughlin
    United States Trustee

Movant is responsible for giving notice to other parties if required by rule or statute.